FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 05, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>REYNALDO HERNANDEZ-RODRIGUEZ,<br><br>Defendant. | NO: 2:18-CR-00197-RHW<br><br>**ORDER DISMISSING INDICTMENT** |

Before the Court is Defendant's Motion to Dismiss the Indictment. ECF No. 34. The Government has charged Defendant with one count of illegal reentry in violation of 8 U.S.C. § 1326. ECF No. 20. This charge is predicated on a 2011 removal order issued pursuant to an expedited removal proceeding. ECF No. 20 at 1; No. 34-2 (Ex. A). Defendant now moves to dismiss the indictment on the basis that the 2011 removal order failed to comply with the requirements of due process and therefore cannot be used as a predicate offense to sustain the present § 1326 charge. *See* ECF No. 34 at 2-3. For the following reasons, the Court **GRANTS** Defendant's motion to dismiss.

**ORDER DISMISSING INDICTMENT ~ 1**

## I. Factual Background

Defendant is a 36-year-old Mexican citizen who first entered the United States in 2002. ECF No. 34-6 (Ex. E) at 1-2. His criminal record consists of one 2003 conviction under the Texas Transportation Code for Displaying a Fictitious Inspection Certificate or Insurance Document. ECF No. 5 at 2; No. 34-9 (Ex. H). On December 9, 2011, he was apprehended near the border in southern Arizona. ECF No. 34-5 (Ex. D) at 1. He admitted that he was a Mexican citizen, that he did not have legal documents to enter the United States, and that he entered illegally. *Id.* at 3.

Border Patrol Agent Martin Montano commenced an expedited removal proceeding. ECF No. 34-2 (Ex. A); No. 34-3 (Ex. B). During the proceeding, Agent Montano read Defendant the preamble to the sworn statement, which explained what was happening and advised Defendant of his rights. ECF No. 34-3 (Ex. B) at 1. Agent Montano asked Defendant if he understood, and Defendant agreed that he did and said he did not have any questions. *Id.* Agent Montano then took Defendant's sworn statement. *Id.* Defendant said he was a Mexican citizen, did not claim legal status in the United States, and admitted that he illegally entered the country the day before by jumping the border fence. *Id.* at 2. Defendant signed his full name on each page of his sworn statement. *See id.* at 1-3.

Agent Montano determined Defendant was inadmissible to the United States and entered a removal order. ECF No. 34-2 (Ex. A). Defendant was then removed

from the United States. ECF No. 34-7 (Ex. F). In October 2018, Defendant was found in the Eastern District of Washington. ECF No. 20 at 1.

## II. Procedural Background

The Government charged Defendant with illegal reentry in violation of 8 U.S.C. § 1326, with the 2011 expedited removal proceeding serving as the predicate removal. *Id.* Defendant moved to dismiss the indictment on the basis that the prior expedited removal order violated his due process rights and was fundamentally unfair. ECF No. 34 at 2-3. On March 27, 2019, the Court held a pretrial conference and motion hearing. ECF No. 45.

The Government called Agent Montano as a witness at the hearing. He testified that throughout his 10-year career with the Border Patrol, he has processed over 1,000 expedited removals. He testified that he follows the same process for each one. He had no independent memory of Defendant's expedited removal proceeding specifically, but believed he conducted it the same way he does all expedited removal proceedings.

Agent Montano testified that he reads the preamble on Form I-867A—the record of sworn statement—to the individual. *See* ECF No. 34-3 (Ex. B). The form prints in English, but when necessary he translates it into Spanish, which is his native language. He then takes the person's sworn statement, asking the prompted questions and then typing the responses into a computer.

Agent Montano testified that he then reviews the entire sworn statement with the person. If the person does not speak English, he translates the statement into Spanish. After ensuring the person does not have any questions, he has the person sign each page.

Agent Montano also discussed Form I-860—the notice and order of expedited removal—which verifies his finding that the person is inadmissible. *See* ECF No. 34-2 (Ex. A). He testified that he reviews this form with the subject of every expedited removal proceeding, translating into Spanish if necessary. He also testified that he never obtained Defendant's signature on this form, as there was no place on it for Defendant to sign.

### III. Discussion

Although an alien has no right to appeal an expedited removal order itself, a defendant charged under § 1326 has a due process right to collaterally attack a prior expedited removal order because it serves as a predicate element of his or her conviction. *United States v. Raya-Vaca*, 771 F.3d 1195, 1201 (9th Cir. 2014). A defendant challenging a prior expedited removal order need only show that the entry of the prior order was fundamentally unfair.[1] *Id.* at 1202. An underlying removal is fundamentally unfair if (1) an alien's due process rights were violated by defects in the underlying deportation proceeding, and (2) the alien was

---

[1] In cases involving other types of removals, defendants must also demonstrate (1) exhaustion of administrative remedies and (2) an improper denial of judicial review. *See Raya-Vaca*, 771 F.3d at 1201-02. But these elements are already established in the expedited removal context. *Id.*

**ORDER DISMISSING INDICTMENT ~ 4**

prejudiced by those defects. *United States v. Garcia-Santana*, 774 F.3d 528, 532-33 (9th Cir. 2014).

**A.    The 2011 Removal Order Violated Defendant's Due Process Rights**

Defendant argues his due process rights were violated during his 2011 expedited removal because Agent Montano violated agency regulation 8 C.F.R. § 235.3(b)(2)(i) in multiple ways. Specifically, he argues Agent Montano failed to: (1) advise him that deportation was *certain* while reading the preamble to the sworn statement; (2) read him or allow him to read his sworn statement before signing it; (3) obtain his signature on the back of Form I–860, the removal order. ECF No. 34 at 9-16. It is the defendant's burden to establish a due process violation. *Raya-Vaca*, 771 F.3d at 1202.

**1.    Legal principles**

Non-admitted aliens who seek entry at the border are only entitled to whatever process Congress or the Executive provide. *United States v. Sanchez-Aguilar*, 719 F.3d 1108, 1112 (9th Cir. 2013). Whatever the procedure authorized by Congress or the Executive is, it is due process as far as an alien denied entry is concerned. *United States v. Garcia-Gonzalez*, 791 F.3d 1175, 1177 (9th Cir. 2015).

Congress has authorized an expedited removal procedure. *See* 8 U.S.C. § 1225(b)(1)(A)(i). Pursuant to this statutory authority, the Department of Homeland Security and Executive Office of Immigration Review promulgated identical regulations governing the procedures for expedited removals. See 8 C.F.R. §

235.3(b)(2)(i) (Homeland Security's); 8 C.F.R. § 1235.3(b)(2)(i) (EOIR's). These regulations spell out in detail the exact procedures for expedited removal proceedings.

These regulations codify, in mandatory terms, the immigration officer's duties. *Raya-Vaca*, 771 F.3d at 1204. While not all regulations protect fundamental rights, the Ninth Circuit has held that these do. *Id.* Thus, an alien's due process rights can be violated when, for instance, the immigration officer fails to inform the alien of the charge or fails to provide the alien an opportunity to review the sworn statement prepared in his or her name. *Id.*

**2. Immigration officials are not required to advise individuals in removal proceedings that deportation is *certain* before taking the sworn statement**

Defendant first argues that the 2011 prior expedited removal was invalid because, in his view, Agent Montano failed to adequately advise him of the consequences of the proceedings while reading the preamble to the sworn statement. ECF No. 34 at 9-10. He takes issue with the following language, which Agent Montano read to him before taking his sworn statement:

> You do not appear to be admissible or to have the required legal papers authorizing your admission to the United States. This *may* result in your being denied admission and immediately returned to your country without a hearing. If a decision is made to refuse your admission into the United States, you *may* be immediately removed from this country, and if so, you *may* be barred from reentry for a period of 5 years or longer.

ECF No. 34-3 at 1 (emphasis added). Defendant argues that Agent Montano only advised him that he *could* be deported and barred from returning to the United States for at least five years, rather than advising him that this outcome was *certain*. ECF No. 34 at 10.

The problem with Defendant's argument is that the regulation governing expedited removal procedures expressly requires the immigration officer to read Form I-867A, and Form I-867A contains the language at issue.[2] *See* 8 C.F.R. § 1235.3(b)(2)(i) ("The examining immigration officer shall read (or have read) to the alien all information contained on Form I-867A."). This is what Agent Montano did. *Compare* Michele R. Pistone & John J. Hoeffner, *Rules Are Made to Be Broken: How the Process of Expedited Removal Fails Asylum Seekers*, 20 GEO. IMMIGR. L. J. 167, 176 (2006) (copy of language in Form I-867A), *with* ECF No. 34-3 (Ex. B) at 1. Because Defendant is only entitled to the process specified in the regulation, *see Sanchez-Aguilar*, 719 F.3d at 1112, and the regulation expressly requires the immigration officer to read this specific language, it follows that this did not violate Defendant's due process rights.

///

///

---

[2] It makes sense that the regulation only requires the immigration officer to advise the alien that he or she *may* be deported before taking the sworn statement—at this point an inadmissibility finding has not yet been made, and the purpose for taking the sworn statement is to help determine whether the alien is inadmissible.

**ORDER DISMISSING INDICTMENT ~ 7**

### 3. Agent Montano reviewed Defendant's sworn statement with him in compliance with the regulation

Defendant next argues that he was told to sign and initial his Record of Sworn Statement without reading it or having it read to him, in violation of 8 C.F.R. § 235.3(b)(2)(i). ECF No. 34 at 10-15.

Under the regulation, the immigration officer in every expedited removal proceeding must create a record of the facts and statements made by the alien using Form I-867AB. 8 C.F.R. § 235.3(b)(2)(i). First, as discussed above, the immigration officer must read Form I-867A to the alien. *Id.* Next, the immigration officer must question the alien regarding his or her identity, alienage, and inadmissibility, and record the responses. *Id.* Finally, the immigration officer must have the alien read the sworn statement he or she just gave (or have the statement read to him or her) and then have the alien sign and initial each page of the statement. *Id.*

The Court finds that Agent Montano complied with these procedures. Although Agent Montano naturally did not have an independent recollection of a removal proceeding he conducted over seven years ago, he described the standard practices that he follows during every expedited removal. He testified that he reads Form I-867A to the person, asks the prompted questions, types in the responses, reviews the entire statement with the person—translating into Spanish if necessary—and then has the person sign each page. The record of sworn statement

in this case generally corroborates Agent Montano's description of these standard practices. *See* ECF No. 34-3 (Ex. B). Accordingly, the Court finds that Defendant's due process rights were not violated in this respect.

### 4. Agent Montano failed to obtain Defendant's signature on the back of Form I-860, as the regulation expressly requires

Finally, Defendant contests the validity of the prior removal on the basis that he never received formal notice of the charge against him. ECF No. 34 at 15. Specifically, he argues Agent Montano never obtained his signature on the back side of Form I-860, as 8 C.F.R. § 235.3(b)(2)(i) requires. *Id.* at 14-15.

The regulation requires the immigration officer to advise the alien of the charge against him or her on Form I-860 (the Notice and Order of Expedited Removal), and then give the alien the opportunity to respond to those charges in his or her sworn statement. 8 C.F.R. § 235.3(b)(2)(i). After getting a supervisor's approval, the immigration officer must then serve Form I-860 on the alien and have the alien sign the reverse of the form acknowledging receipt. *Id.*

In this case, only the front side of Form I-860 is in the record, so the written record is silent as to whether Defendant signed the back. *See* ECF No. 34-3 at 1 (Ex. A). However, the remainder of the evidence uncontrovertibly establishes that Agent Montano failed to obtain Defendant's signature on Form I-860. Defendant attests to this in his declaration. *See* ECF No. 34-6 (Ex. E) at 3. Agent Montano also testified that although he went over Form I-860 with Defendant in Spanish, he

did not have Defendant sign it. Accordingly, Defendant's expedited removal proceeding did not comply with 8 C.F.R. § 235.3(b)(2)(i) and as a result, the removal violated due process. *See United States v. Ramirez-Diaz*, 359 F. Supp. 3d 994, 2019 WL 149551, at *3 (D. Or. 2019); *United States v. Mejia-Avila*, No. 2:14-CR-0177-WFN-1, 2016 WL 1423845, at *1 (E.D. Wash. Apr. 5, 2016); *United States v. Arteaga-Gonzalez*, No. 12-CR-4704-L, 2013 WL 5462285, at *4 (S.D. Cal. Sept. 30, 2013); *compare United States v. Angulo-Galaviz*, No. 17-CR-3671-CAB, 2018 WL 1942367, at *3 (S.D. Cal. Apr. 25, 2018) (finding no due process violation where Government submitted evidence that Border Patrol agent's standard practice was to obtain alien's signature on form).

At the end of the hearing, the Government cited *United States v. Barajas-Alvarado*, 655 F.3d 1077 (9th Cir. 2011) and argued that an immigration officer's failure to obtain a defendant's signature on the back of Form I-860 does not violate due process. That case is distinguishable from this one. There, the "record [was] silent" as to whether the defendant signed the back of Form I-860. *Id.* at 1088, n.12. Because there was no evidence at all as to whether the defendant signed the form—and given that defendants have the burden of proving due process violations—the Ninth Circuit simply noted that the defendant failed to prove that his rights were violated. *Id.* This case is different because the record contains affirmative evidence from both Defendant and Agent Montano that Defendant never signed Form I-860.

The Government also argued that as long as the Border Patrol agent goes over Form I-860 with the alien—as Agent Montano did here—then the defendant's signature is not required for a valid removal. "This is not correct." *Ramirez-Diaz*, 359 F. Supp. 3d 994, 2019 WL 149551, at *3. "The regulation requires that the defendant provide his signature on the reverse of the form to acknowledge receipt, and here there is no signature from the defendant." *Id.* The Government's argument fails.

Defendant has established that this defect in the 2011 deportation proceeding violated his due process rights. The question now is whether he was prejudiced by this defect. *Garcia-Santana*, 774 F.3d at 532-33.

**B.     The Government does not Dispute Prejudice**

To demonstrate prejudice from a due process violation, Defendant does not need to show that he definitely would have received immigration relief—he only needs to show "plausible grounds" for such relief. *Raya-Vaca*, 771 F.3d at 1206; *Barajas-Alvarado*, 655 F.3d at 1089. The only form of discretionary relief available in expedited removal proceedings is withdrawal of application for admission. 8 C.F.R. § 1235.4; *Barajas-Alvarado*, 655 F.3d at 1089-90. In analyzing the plausibility of this form of discretionary relief, courts are guided by the Inspector's Field Manual, an internal agency document that lists various factors for immigration officers to consider when deciding whether to grant withdrawal of

application for admission. *Raya-Vaca*, 771 F.3d at 1206-07; *Barajas-Alvarado*, 655 F.3d at 1090.

Importantly here, the Court notes that the Government does not dispute the issue of prejudice. Rather, in both its briefing and at the hearing, the Government exclusively argued that the 2011 expedited removal complied with due process, and never argued that Defendant was not prejudiced.[3] *See* ECF No. 40 at 5-8. This effective concession—coupled with the fact that several Field Manual factors weigh in Defendant's favor, including his very minor criminal history and the lack of any fraud or deceit, *see supra* p. 2—persuade the Court that Defendant could plausibly have been granted discretionary relief during the 2011 expedited removal proceedings. Thus, the Court concludes that prejudice has been established.

## IV. Conclusion and Order

In light of the above, the Court finds that the immigration agent's failure to follow agency regulations during Defendant's 2011 expedited removal violated his due process rights and that he suffered prejudice as a result of the unlawful removal. Defendant's 2011 removal order is therefore invalid and cannot serve as the predicate for the current § 1326 charge.

---

[3] The Government very tersely mentions in its conclusion that Defendant "failed to carry his burden of establishing that the expedited removal . . . caused him prejudice," ECF No. 40 at 8, but devotes no actual analysis to the issue. Courts do not consider issues that are not supported by argument or clearly and distinctly raised in the opening brief. *See Benton v. Hughes*, 623 F. App'x 888, 889 (9th Cir. 2015); *Pierce v. Multnomah County, Or.*, 76 F.3d 1032, 1037 n.3 (9th Cir. 1996) (issues not supported by argument are deemed abandoned); *Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994) ("We review only issues which are argued specifically and distinctly in a party's opening brief.").

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion to Dismiss the Indictment, **ECF No. 34**, is **GRANTED**. The Indictment is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**. The District Court Clerk is directed to file this Order and provide copies to counsel.

**DATED** this April 5, 2019.

*s/ Robert H. Whaley*
ROBERT H. WHALEY
Senior United States District Judge